# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **JOSEPH GUNDER**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**HUMANAINC.**,<br><br>Defendant. | Case No. 1:25-CV-00493-ALT |

## DEFENDANT HUMANA INC.'S
## MOTION TO DISMISS RULE 12(b)(6)

Defendant Humana Inc's ("Humana") respectfully moves this Court to dismiss Plaintiff Joseph Gunder's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## MEMORANDUM OF LAW

### I. INTRODUCTION

Plaintiff's Complaint does not plausibly allege a violation of the TCPA because Plaintiff never alleges that Humana made a call to his cellular telephone using a prerecorded voice, as required under 47 U.S.C. § 227(b)(1)(A). The statute imposes liability only where a defendant actually makes a call using a prerecorded voice. *Id.* Plaintiff alleges instead that he received a *voicemail*, which he says sounded prerecorded. But because Plaintiff did not answer the call, he cannot allege—and does not allege—that any prerecorded voice actually played during the call. His claim therefore fails as a matter of law.

Absent allegations showing that Humana actually used a prerecorded voice to *make* the call—and not merely that Plaintiff later received a voicemail—Plaintiff has not stated a plausible claim for relief. His Complaint must therefore be dismissed.

### II. PLAINTIFF'S ALLEGATIONS

Plaintiff filed this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Humana placed "telephone solicitation" calls to his cellular telephone between October 2024 and August 2025

using an artificial or prerecorded voice, without his prior express consent. Complaint ("Compl.") ¶¶ 13, 17-19, 22.

Plaintiff alleges that several of these calls resulted in prerecorded voicemails, rather than live interactions. *Id.* ¶ 22. He describes the messages as "robotic" and "monotone," and alleges that they were delivered using "an artificial or prerecorded voice." *Id.* ¶ 23. However, Plaintiff does not allege that he answered any call where a prerecorded or artificial voice was played.

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a facially plausible complaint need not give detailed factual allegations, it must allege facts sufficient to raise a right to relief above the speculative level." *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, *1 (N.D. Ill. Dec. 18, 2012) (citing and quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); *see also Warciak v. Subway Restaurants, Inc.*, No. 1:16-CV-08694, 2019 WL 978666, at *1 (N.D. Ill. Feb. 28, 2019), aff'd, 949 F.3d 354 (7th Cir. 2020). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "These requirements ensure that a

defendant receives 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)); *see also E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are insufficient to withstand a 12(b)(6) motion to dismiss." *Warciak*, 2019 WL 978666 at *1 (quoting *Iqbal*, 556 U.S. at 678); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 489360, at *4 (N.D. Ill. Feb. 20, 2008) ("A sufficient complaint need not give detailed factual allegations, but it must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." (citation and quotations omitted)).

And specifically under the TCPA, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010)). Allegations that support only the "sheer possibility" that the defendant is liable under the TCPA "will not do." *Id.* (quoting Iqbal, 556 U.S. at 678).

### IV. ARGUMENT—PLAINTIFF FAILS TO ALLEGE FACTS DEMONSTRATING THAT HUMANA "MADE" A CALL USING A PRERECORDED VOICE.

The TCPA, in relevant part, makes it unlawful "to make any call... using.. an artificial or prerecorded voice" to a cell phone. 47 U.S.C. § 227(b)(1)(A). This provision is to be distinguished from Section 227(b)(1)(B)—which relates to calls to landlines and includes the use of prerecorded voices "***to deliver a message.***" *See* 47 U.S.C. § 227(b)(1)(B) ("It shall be unlawful for any person within the United States...(B) ***to initiate any telephone call*** to any residential telephone line using an artificial or prerecorded voice to ***deliver a message*** without the prior express consent of the called party...") (emphasis added).

Here, Plaintiff alleges he received a call on her cell phone, not a landline. *See* Compl. at ¶ 13. Hence, Section 227(b)(1)(B) is inapplicable.

Unlike 227(b)(1)(B), however, § 227(b)(1)(A) does not apply to the use of prerecorded voice technology to "deliver a message" but merely to "make a call." *See* 47 U.S.C. § 227(b)(1)(A); § 227(b)(1)(B).[1] Yet, Plaintiff provides no allegations regarding how the call at issue was made indeed he could not, he confirms he did not answer it.

Moreover, "[t]here are statutory exemptions that would apply to calls made to residential landlines, which would not apply to calls made to cell phones" *Fisher v.*

---

[1] Where Congress uses different words in a statute, they are intended to mean different things. *See Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 485 (1996) (comparing analogous statute to conclude that Congress "knew how to provide for [a] remedy" and did not do so).

*MJ Christensen Jewelers*, LLC, No. 215CV00358RFBNJK, 2018 WL 1175215, at *3 (D. Nev. Mar. 6, 2018). For instance, "[f]or health care messages to cell phones 'prior express consent' is required but for health care messages to residential landlines, no consent is required. *Sandoe v. Bos. Sci. Corp.*, 333 F.R.D. 4, 7 (D. Mass. 2019) (citing 14 C.F.R. § 64.1200(a)(2) and (a)(3)(v)); *see Perrong v. Victory Phones LLC*, 519 F. Supp. 3d 193, 198 (E.D. Pa. 2021) ("pre-recorded and autodialed calls to cell phones are governed by a more restrictive provision in the Act and are not exempted from the content-based restrictions in 47 C.F.R. § 64.1200(a)(3)").

Further, while some Courts have recognized that prerecorded voicemail messages are subject to the TCPA, none of the cases address the specific argument advanced by Humana here: that no call was ever "made using" an artificial or prerecorded voice to begin with. *See Loyhayem v. Fraser Fin. & Ins. Servs., Inc.*, 7 F.4th 1232, 1233 (9th Cir. 2021) (recognizing a prerecorded voicemail when analyzing the context and purpose of the call); *Susinno v. Work Out World Inc.*, 862 F.3d 346, 348 (3d Cir. 2017) (recognizing prerecorded voicemails while analyzing Article III standing issues); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012) (recognizing voicemails under the TCPA when analyzing the definition of "called party" within meaning of the TCPA); *Alvarado v. Featured Mediation, LLC*, No. 8:16-CV-3259-T-30JSS, 2017 WL 1552248, at *1 (M.D. Fla.

May 1, 2017) (recognizing prerecorded voicemails when the plaintiff sought a default judgment).

On the other hand, the Fifth Circuit Court of Appeals has correctly recognized that calls may be initiated for the purpose of playing a prerecorded voice, but only calls where such voice actually plays are actionable. *See Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640 (5th Cir. 2015) ("[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA, [] a defendant must make a call and an artificial or prerecorded voice must actually play"). The rationale here is important: "That the prerecorded voice was on standby as the call was placed is not sufficient when the statute requires that the voice be 'used.'" *Id.* at 640–41.

Here, Plaintiff's allegations establish—at best—that a prerecorded voice may have been available. But Plaintiff does not allege that he ever answered any call, and thus there is no allegation that any prerecorded voice ever "actually play[ed]" during a call. Instead, Plaintiff alleges only that he later retrieved and listened to a voicemail message. Under *Ybarra*, a voicemail does not transform an unanswered call into a call "made" using a prerecorded voice. A voicemail is simply not the call.

Moreover, Humana submits—and the evidence will show—that the most straightforward explanation is that a live representative placed the outreach and a voicemail was deposited only because Plaintiff did not answer. Either way, the allegations do not establish that a call was "made" with a prerecorded voice. At most,

7

the Complaint alleges that a prerecorded voice may have been intended or available—i.e., that a prerecorded voice was "on standby"—which is insufficient. As *Ybarra* makes clear, such a scenario amounts only to a call "attempted" using a prerecorded voice, which is not actionable. *Id.* at 640.

As the Fifth Circuit concluded:

> "We hold that making a call in which a prerecorded voice might, but does not, play is not a violation of the TCPA. Instead, the prerecorded voice must 'speak' during the call. A party who makes a call using an automatic telephone dialing system uses the system to make the call, regardless of whether the recipient answers, and thereby triggers TCPA liability. With a prerecorded voice, though, unless the recipient answers, an artificial or prerecorded voice is never used."

*Id.* at 641.

Because Plaintiff alleges only a voicemail—not a call in which a prerecorded voice actually played—his claim fails as a matter of law.

## V. **CONCLUSION**

For the foregoing reasons, Humana respectfully requests that the Court dismiss Plaintiff's Complaint.

Dated: November 24, 2025

        Respectfully submitted,

        **HOEPPNER WAGNER & EVANS LLP**

        By: */s/ Larry G. Evans*
        Larry G. Evans, Attorney #8180-64
        **HOEPPNER WAGNER & EVANS LLP**
        103 E. Lincolnway
        Valparaiso, IN 46383
        P: 219-464-4961
        F: 219-465-0603
        *Attorneys for Defendant Humana, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 24, 2025, I electronically filed Defendant Humana Inc.'s Motion to Dismiss Rule 12(b)(6) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Cassandra P. Miller
Samuel J. Strauss (*pro hac vice forthcoming*)
**STRAUSS BORRELLI PLLC**
980 North Michigan Avenue, Suite 1610
Chicago, IL 60611

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043

Brittany A. Andres PHV
Tori L. Guidry PHV
Troutman Amin LLP
400 Spectrum Center, Suite 1550
Irvine, CA  92618

/s/ *Larry G. Evans*
Larry G. Evans