**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

**JOSEPH GUNDER**, on behalf of himself and others similarly situated,

Plaintiff,

vs.

**HUMANA INC.**,

Defendant.

Case No. 1:25-CV-00493-ALT

**DEFENDANT HUMANA INC.'S**
**MOTION TO STAY DISCOVERY**

Defendant Humana Inc's ("Humana") respectfully moves this Court to stay discovery while Humana's Motion to Dismiss is pending pursuant to Federal Rule of Civil Procedure 12(b)(6).

# MEMORANDUM OF LAW

## I. INTRODUCTION

A stay of discovery is warranted here because Humana has raised threshold, dispositive challenges to Plaintiff's individual and putative class claims—specifically, that a voicemail does not constitute a call "made using an artificial or prerecorded voice" under 47 U.S.C. § 227(b)(1)(A). Those challenges, if accepted, will dispose of the case in its entirety or at the very least substantially narrow any viable claims. Proceeding with discovery before the Court resolves the pending Motion to Dismiss would therefore be premature, unnecessary, and wholly disproportionate to the needs of the case.

Good cause exists for a stay because Plaintiff will suffer no prejudice from a brief pause in discovery while the Court addresses Humana's dispositive arguments. Plaintiff has not served initial disclosures, has not served any discovery requests, and the parties have exchanged no discovery of any kind. No scheduling order has been issued, no depositions have been noticed, and no expert deadlines exist. This case remains at the earliest procedural stage, and Plaintiff has no urgent or time-sensitive need for discovery while Humana's Motion to Dismiss remains pending.

Humana, in contrast, would incur significant and unnecessary burden were discovery to go forward now. Plaintiff's Complaint hinges entirely on the receipt

of a voicemail message, and Humana's Motion to Dismiss demonstrates that such an allegation—accepted as true—fails to state a claim under § 227(b)(1)(A) as a matter of law. Requiring Humana to undertake full discovery in a case that may be dismissed outright would impose needless time, expense, and effort contrary to the fundamental purpose of Rule 1, which directs courts to secure the "just, speedy, and inexpensive determination" of every action. Discovery, document collection, third-party communications, and potential ESI review would be particularly burdensome in a case involving an alleged "prerecorded voice" claim where the dispositive legal issue turns entirely on the face of the Complaint and the statute itself.

A stay will avoid unnecessary burden, preserve judicial resources, and protect the parties from engaging in discovery that may prove wholly moot depending on the Court's ruling on Humana's Motion to Dismiss. Courts routinely stay discovery in precisely these circumstances—where a dispositive motion raises a pure legal challenge that, if granted, resolves the case or significantly narrows the issues. That is exactly the posture here.

To promote efficiency, reduce expense, and prevent unnecessary discovery in a potentially moot action, Humana respectfully requests that the Court stay all discovery pending resolution of Humana's Motion to Dismiss.

## II. LEGAL STANDARD

"The Court's power to issue a stay in a proceeding is 'incidental to the power

inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Garvey v. Fortegra Fin. Corp.*, No. 16 CV 11210, 2017 WL 3669036, at *1 (N.D. Ill. Aug. 14, 2017) (citing *Tex. Indep. Producers & Royalty Owners Assoc. v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (internal quotation marks omitted)). With "good cause," a court is allowed to limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ.P. 26(c)(1); *see Crawford–El v. Britton*, 523 U.S. 574, 598-99 (1998); *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov.17, 2010); *Robinson v. Walgreen Co.*, No. 20 CV 50288, 2021 WL 2453069, at *1 (N.D. Ill. June 16, 2021).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); accord *Garvey v. Fortegra Fin. Corp.*, No. 16 CV 11210, 2017 WL 3669036, at *2 (N.D. Ill. Aug. 14, 2017) (staying discovery in putative TCPA class action pending resolution of related proceedings). "In determining whether to grant a stay, a court may consider the following factors: (1)

whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Robinson,* 2021 WL 2453069 at *1; *Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013); *Pfizer*, 640 F. Supp. 2d at 1007 (citation omitted). "[T]he determination to stay discovery is based upon the individual case and whether ongoing discovery is unlikely to produce facts necessary to defeat the motion." *Bodnar v. John Hancock Funds, Inc.*, No. 2:06-CV87, 2007 WL 1577914, at *2 (N.D. Ind. May 30, 2007) (citation and internal quotation marks omitted). Good cause for a stay of discovery has been found when further discovery will impose undue burden or expense without aiding the resolution of pending dispositive motions. *Crawford–El*, 523 U.S. at 598-99; *Tamburo*, 2010 WL 4867346 at *1; *Robinson,* 2021 WL 2453069 at *1.

Under this framework, courts within the Seventh Circuit frequently stay discovery in complex cases, including class actions, pending the resolution of dispositive motions. *See, e.g.*, *Bilal v. Wolf,* No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (noting that "stays are granted with substantial frequency" and citing "numerous" examples of cases staying discovery in the face of motions to dismiss); *Coss v. Playtex Prod., LLC,* No. 08 C 50222, 2009 WL

1455358, at *5 (N.D. Ill. May 21, 2009) (granting motion to stay discovery in part); *Bodnar*, 2007 WL 1577914 at *2; *Sprague v. Brook,* 149 F.R.D. 575, 578 (N.D. Ill. 1993) (granting motion to stay discovery pending the resolution of the defendant's motion to dismiss); *Brown v. Swagway, LLC,* No. 3:15-CV-588-JD-MGG, 2018 WL 8460233, at *2 (N.D. Ind. June 13, 2018) (same).

This is because "[s]tays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case . . . or where the issue is a threshold one, such as jurisdiction." *Bilal*, 2007 WL 1687253 at *1; accord *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432 at *2 (N.D. Ind. Sept. 15, 2011) (noting that stays of discovery are particularly appropriate "where [a] motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat [a] motion, or where [a] motion raises a potentially dispositive threshold issue"); *see also Coss*, 2009 WL 1455358 at *1 (noting that a stay of discovery may be granted "for a number of reasons, including the filing of a motion to dismiss").

## III. ARGUMENT

### A. A Stay of Discovery Would Not Unduly Prejudice or Tactically Disadvantage Plaintiff.

In determining whether to grant a stay, courts in this Circuit consider "whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Robinson*, 2021 WL 2453069 at *1; *Sadler as Tr. of Larry R. Sadler Irrevocable Tr.*

*v. Retail Properties of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013).

Here, granting the instant motion would not prejudice Plaintiff or disrupt the Court's schedule because the parties have not held a Rule 26(f) conference, discovery has not been served, and no scheduling order is in place. *Soares v. Meeks*, No. 321CV00057RLYMPB, 2021 WL 5748438 (S.D. Ind. Oct. 4, 2021) (finding that a stay will not unduly prejudice or tactically disadvantage plaintiff where "formal discovery has not begun in this action and the court has not entered a Case Management Plan.").

Moreover, because Plaintiff asserts a putative nationwide class, the scope of discovery would be extraordinarily broad—requiring Humana to collect, review, and produce large volumes of documents and data, likely consuming hundreds of hours. TCPA class actions are uniquely burdensome in this regard, often involving multiple databases, call-record systems, vendor platforms, and expert analysis. Proceeding with such expansive discovery before the Court resolves the threshold issues presented in Humana's Motion to Dismiss would be wasteful and disproportionate.

As such, this factor strongly favors staying discovery.

**B. A Stay of Discovery Would Simplify the Issues at Hand.**

Next, courts in this Circuit consider "whether a stay will simplify the issues in question and streamline the trial." *Robinson,* 2021 WL 2453069 at *1; *Sadler as*

*Tr. of Larry R. Sadler Irrevocable Tr.*, 2013 WL 12333447 at *1. Under this factor, a stay is appropriate "where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion." *Duneland Dialysis LLC v. Anthem Ins. Companies, Inc.*, No. 409-CV-36-RLM-PRC, 2010 WL 1418392, at *2 (N.D. Ind. Apr. 6, 2010). This is also true where there is a challenge to a threshold issue such as standing, jurisdiction, or qualified immunity. *Ashley W. v. Holcomb*, No. 319CV00129RLYMPB, 2019 WL 9673894, at *2 (S.D. Ind. Oct. 31, 2019) (citing *Methodist Health Servs. Cor. v. OSF Healthcare Sys*., No. 13-1054, 2014 WL 1797674 (C.D. Ill. May 6, 2014)); *Ezekiel v. Michel*, 66 F.3d 894, 897, 898 (7th Cir. 1995); *Torres v. Nat'l Enter. Sys., Inc*., No. 12 C 2267, 2012 WL 3245520, *1 (N.D. Ill. Aug. 7, 2012); *Chandler v. Zinus, Inc*., No. 20-CV-265-RJD, 2020 WL 12846610, at *1 (S.D. Ill. Sept. 10, 2020) (granting a motion to stay discovery due to a pending motion to strike class allegations).

A stay will significantly simplify the issues presented here because Humana's pending Motion to Dismiss raises a pure legal question that is dispositive of the entire case: Plaintiff does not state a plausible claim under 47 U.S.C. § 227(b)(1)(A) because he does not allege that Humana "made" any call to his cellphone "using an artificial or prerecorded voice." As courts have already recognized—including in the cases cited within the motions you provided—receipt of a voicemail does not

establish that a call was actually made using a prerecorded voice where the plaintiff never heard such a voice during a live call. See *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640 (5th Cir. 2015) ("*to be liable under the 'artificial or prerecorded voice' section of the TCPA, ... a defendant must make a call and an artificial or prerecorded voice must actually play*"). The Seventh Circuit has not yet addressed this exact issue, and its resolution in this case does not require any discovery.

Further, Humana has filed a contemporaneous Motion to Strike the Class Allegations, which may independently narrow—or entirely eliminate—the putative class claims. The class Plaintiff proposes suffers from facial defects that cannot be cured through discovery. As explained in Humana's Motion to Strike, the class definition is internally contradictory (covering only prerecorded calls, while Plaintiff alleges only prerecorded ***voicemails***), ambiguous in scope, and improperly includes individuals whose claims cannot succeed as a matter of law. This includes individuals who received live calls rather than voicemails, individuals whose claims would turn on individualized consent inquiries, and individuals who—under Plaintiff's own allegations—would have fundamentally different liability theories.

Thus, even if Plaintiff's individual claim survived the Motion to Dismiss (it does not), the Motion to Strike would still dispose of all putative class claims. A stay

therefore avoids enormous, potentially needless discovery in a case that may not proceed beyond the pleadings stage.

Good cause exists for granting a stay because the dispositive motions can be decided without discovery, and the discovery Plaintiff seeks "is unlikely to produce facts necessary to defeat the motion." *Sprague*, 149 F.R.D. at 577–78.

### C. A Stay of Discovery In this Case Would Significantly Reduce the Burden on Parties and the Court.

Lastly, in determining whether a stay should be granted, Courts look at "whether a stay will reduce the burden of litigation on the parties and on the court." *Robinson,* 2021 WL 2453069 at *1; *Sadler as Tr. of Larry R. Sadler Irrevocable Tr.*, 2013 WL 12333447 at *1.

Because "the policy against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast" within the Seventh Circuit, *see Coss*, 2009 WL 1455358 at *2, this Court should not require Humana to participate in discovery concerning the substance of Plaintiff's Complaint pending its decisions on the Dispositive Motions. This is particularly true in a putative class action under the TCPA. The burden on a class action defendant in responding to discovery is undoubtedly large. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect

defendants from incurring enormous discovery costs); *Hazlitt v. Apple Inc.*, No. 3:20-CV-421-NJR, 2021 WL 2457987 at *3 (S.D. Ill. June 16, 2021) (denying production of class data in part because it had "serious concerns about the disclosure of millions of consumers' personal information without any notice or the ability to opt-in").

This burden is even more pronounced in TCPA class actions, where plaintiffs routinely seek discovery into every call or voicemail generated during the proposed class period. Responding to that type of sweeping discovery would require an extraordinary expenditure of time, money, and technical resources—particularly where multiple databases, vendors, and call-record systems may be implicated. For this reason alone, Humana respectfully requests that the Court stay discovery until it first determines which claims and which parties, if any, remain properly before the Court. Doing so will "simplify the issues in question and streamline the trial," as well as "reduce the burden of litigation on the parties and on the court." *Pfizer*, 640 F. Supp. 2d at 1007.

## IV. CONCLUSION

For the foregoing reasons, Humana respectfully requests that the Court stay discovery and case deadlines until the Court rules on Humana's Motion to Dismiss and Motion to Strike Class Allegations.

Dated: November 24, 2025

Respectfully submitted,

**HOEPPNER WAGNER & EVANS LLP**

By: */s/ Larry G. Evans*

Larry G. Evans, Attorney #8180-64
**HOEPPNER WAGNER & EVANS LLP**
103 E. Lincolnway
Valparaiso, IN 46383
P: 219-464-4961
F: 219-465-0603
*Attorneys for Defendant Humana, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on November 24, 2025, I electronically filed Defendant Humana Inc.'s Motion to Stay Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Cassandra P. Miller
Samuel J. Strauss (*pro hac vice forthcoming)*
**STRAUSS BORRELLI PLLC**
980 North Michigan Avenue, Suite 1610
Chicago, IL 60611

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043

Brittany A. Andres PHV
Tori L. Guidry PHV
Troutman Amin LLP
400 Spectrum Center, Suite 1550
Irvine, CA 92618

*/s/ Larry G. Evans*
Larry G. Evans