UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH GUNDER,<br><br>                    Plaintiff,<br><br>        vs.<br><br>HUMANA, INC.,<br><br>                    Defendant. | Case No.: 1:25-CV-493-ALT<br><br>Honorable Magistrate Judge<br>Andrew L Teel |

REPORT OF PARTIES' PLANNING MEETING

**1.    Rule 26(f) Meeting**

The parties held a planning meeting under Fed. R. Civ. P. 26(f) and to discuss this report on December 1, 2025. Attorney Anthony Paronich participated for Plaintiff Joseph Gunder ("Plaintiff"), and Attorney Tori L. Guidry participated for the Humana Inc. ("Humana").

**2.    Jurisdiction**.

Plaintiff asserts that federal subject matter jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**3.    Pre-Discovery Disclosures**.

The parties will exchange, *but may not file*, Rule 26(a)(1) information by December 22, 2025.[1]

---

[1] The court encourages setting all deadlines on business days.

4.     **Discovery Plan**.

**The parties propose the following discovery plan**.

The parties advise the Court that they have not agreed on a discovery schedule. Humana seeks to stay discovery pending its Motion to Dismiss and Motion to Strike. *See* Dkt. 14. Plaintiff opposes a stay.

**Discovery will be needed on the following subjects**:

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that Defendant may file. Plaintiff will seek from the Defendant (1) ESI regarding the calls and text messages at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls or texts; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

Humana anticipates taking discovery on Plaintiff's damages, the circumstances surrounding the calls at issue, Plaintiff's phone usage and registration, any consent provided by Plaintiff or class members, Humana's compliance procedures, the viability of the proposed class definition, and Plaintiff's Article III standing. Humana also anticipates discovery as to defenses including prior express consent, an established business relationship, bona fide error, and constitutional challenges to statutory damages.

**Disclosure or discovery of electronically stored information should be handled as follows**:

The parties anticipate conducting discovery of electronically stored information. The

2

parties agree to work together in good faith to address and resolve any issues that may arise in the future in this regard, and to bring those issues to the Court only if necessary.

The last date to complete all discovery is May 24, 2027.

Maximum of 25 interrogatories by each party to any other party.

Maximum of 30 requests for admission by each party to any other party.

Maximum of 10 depositions by plaintiff(s) and 10 depositions by defendant(s).

Each deposition is limited to a maximum of 7 hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

January 25, 2027, for plaintiff(s);

February 22, 2027, for defendant(s); and

May 24, 2027, for Rule 26(e) supplements.

**5**.   **Other Items**.

The last date the plaintiff(s) may seek permission to join additional parties and to amend the pleadings is January 21, 2026.

The last date the defendant(s) may seek permission to join additional parties and to amend the pleadings is January 21, 2026.

The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

The case should be ready for jury trial by August 16, 2027, and at this time is expected to take approximately 5–7 days.

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

**Estimation of Fees**.

Plaintiff is represented by counsel on a wholly contingent basis. Thus, Plaintiff will incur zero fees even if this cause is fully litigated through trial.

Counsel for Humana will file the requisite certificate of compliance on or before December 8, 2025.

**6.     Alternative Dispute Resolution**.

The case's settlement prospects may be enhanced via the following ADR procedure:

**Mediation:**

The parties will confer and agree upon a mediator within the next 90 days.

*\* \* \**

Date: December 4, 2025                                             Date: December 4, 2025

*/s/ Cassandra P. Miller*                                              */s/ Tori Guidry*

Cassandra P. Miller                                                    Tori L. Guidry (*pro hac vice*)
**STRAUSS BORRELLI PLLC**                          **TROUTMAN AMIN, LLP**
980 N Michigan Ave Ste 1610                                400 Spectrum Center Drive, Suite 1550
Chicago, IL 60611                                                    Irvine, California 92618
Telephone: (872) 263-1100                                     Telephone: (985) 688-3307
Facsimile: (872) 263-1109                                       tori@troutmanamin.com
cmiller@straussborrelli.com

*Attorney for Defendant*

*/s/ Anthony Paronich*

Anthony Paronich (*pro hac vice anticipated*)
**PARONICH LAW PC**
350 Lincoln St. Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff*