UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **JOSEPH GUNDER**, on behalf of himself and others similarly situated,<br><br>              Plaintiff,<br>vs.<br><br>**HUMANA, INC.**,<br><br>              Defendant. | Civil Case No.: 1:25-cv-00493<br><br>Honorable Magistrate Judge Andrew L. Teel<br><br>AMENDED CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**Nature of this Action**

1.  Joseph Gunder ("Plaintiff") brings this Class Action against Humana, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.  Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3.  Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4.  More specifically, upon information and good faith belief, Defendant routinely uses

an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

5. On information and belief, Defendant uses artificial or prerecorded voices to make and initiate outbound calls, such that the prerecorded message begins playing immediately upon call connection, including when Plaintiff answered the calls at issue.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

8. For example, Defendant made artificial or prerecorded phone calls to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded phone calls in this district.

**Parties**

9. Plaintiff is a natural person who at all relevant times resided in Fort Wayne, Indiana.

10. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a corporation.

12. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

13. Plaintiff Joseph Gunder is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff's cellular telephone number is (260) 503-XXXX.

15. Plaintiff's telephone number, (260) 503-XXXX, has been on the National Do Not Call Registry since August 2024. Plaintiff has never removed his number from the National Do Not Call Registry.

16. Plaintiff has never been a customer of Defendant.

17. Plaintiff has never sought out or solicited information regarding Defendant's products or services prior to receiving the telephone calls at issue.

18. Plaintiff has never consented to receive telephone calls or text message solicitations from Defendant.

19. Despite this, Plaintiff has received over 100 telephone solicitations, including phone calls and text messages, from Defendant between October 2024 and August 2025.

20. The calls were initiated for purposes of marketing Defendant's health insurance, healthcare services, and healthcare products. For example, the caller provides Plaintiff with "important benefit information" and asks Plaintiff to refill prescriptions he never had.

21. Plaintiff has answered the calls at least three times to demand that Defendant stop calling him, to no avail. Although Defendant confirmed it would stop calling Plaintiff each time Plaintiff made the request, it did not.

22. Despite Plaintiff's verbal do-not-call requests, Plaintiff continued to receive unsolicited telemarketing calls from Defendant.

23. In addition, Defendant made several calls to Plaintiff using a prerecorded or artificial voice as defined by 47 U.S.C. § 227(b)(1)(A) .

24. Plaintiff answered two automated calls utilizing prerecorded artificial intelligence technology from Defendant's phone number (866) 291-0281 on or about October 20, 2024, and December 16, 2024.

25. Plaintiff heard a prerecorded/artificial voice begin speaking immediately upon connection, before any live agent. The message was delivered in a robotic or automated voice with an unnatural and monotone cadence, rather than by a live person.

26. The prerecorded voice guided Plaintiff through prompts to reach a live agent. Plaintiff informed the agent that the number no longer belonged to the intended recipient, Sara. The agent stated the records would be updated and the calls would cease, but to no avail.

27. The prerecorded voice played automatically at call initiation—not just after the call went to voicemail. Accordingly, the prerecorded voice was used to initiate the call itself, which is precisely the conduct prohibited by § 227(b)(1)(A)(iii).

28. On information and belief, Defendant employs a centralized outbound dialing system that delivers uniform prerecorded scripts across its calling campaigns. Plaintiff repeatedly received calls from the same numbers with identical prerecorded prompts. Prior to the December 16, 2024 phone call, the phone calls originated from Defendant's number, (866) 291-0281. This uniform technology and scripting ensures that the same prerecorded voice content and dialing logic were applied consistently across all Class members.

29. In addition to phone calls and text messages, Defendant uses automated pre-recorded messages to contact consumers. For example, Defendant left Plaintiff many pre-recorded voicemails, including but not limited to, on the following dates:

- April 9, 2025, at 4:48 p.m. from (844) 207-0948;
- May 13, 2025, at 3:40 p.m. from (833) 228-0651;

- May 21, 2025, at 1:37 p.m. from (833) 228-0651;
- May 22, 2025, at 4:02 p.m. from (833) 228-0651;
- May 23, 2025, at 12:59 p.m. from (833) 228-0651;
- June 10, 2025, at 10:20 a.m. from (844) 314-3659;
- June 16, 2025, at 9:53 a.m. from (844) 314-3659;
- June 19, 2025, at 2:40 p.m. from (844) 314-3659;
- June 26, 2025, at 9:33 a.m. from (833) 228-0655;
- July 2, 2025, at 9:59 a.m. from (833) 228-0655;
- July 3, 2025, at 3:07 p.m. from (833) 228-0655;
- July 10, 2025, at 9:13 a.m. from (833) 228-0655;
- August 6, 2025, at 5:06 p.m. from (888) 256-7218;
- August 14, 2025, at 9:32 a.m. from (888) 256-7218;
- August 19, 2025, at 10:27 a.m. from (302) 927-3338;
- August 19, 2025, at 2:29 p.m. from (302) 927-3338; and
- September 2, 2025, at 12:11 p.m. from (302) 927-3338.

30. Each message was delivered in a robotic or automated voice with an unnatural and monotone cadence, rather than by a live person.

31. These voicemails were the continuation of the prerecorded voice that had already begun playing during the call initiation process.

32. The prerecorded voice Plaintiff heard when he answered calls from Defendant is the same prerecorded content that continued into the voicemails. Thus, Defendant's outbound calling system deploys prerecorded content regardless of whether a call is answered or routed to voicemail.

33. Additionally, the voicemail messages often exceeded a minute and utilized a similar prerecorded script, stating:

> *Hello, this is Humana calling for Sandra […]. We'd like to share some important information because this is important. We may call you back later today. You can call us back toll free at 1-844-723-0844…*

34. Plaintiff is not alone in receiving spam calls from Defendant, as other individuals have also received spam calls as evidenced by Defendant's online reviews.[1] Below is a sample screenshot from that page:



---

[1] *See Humana Reviews*, TRUSTPILOT, https://www.trustpilot.com/review/www.humana.com?stars=1 (last Visited Sept. 8, 2025).

6

35. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

### Class Action Allegations

36. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of the following class:

> *Class*: All persons throughout the United States (1) to whom Humana, Inc., or any vendor, or third party acting on its behalf, placed one or more calls to a telephone number assigned to a cellular telephone service, in connection with which an artificial or prerecorded voice played during the call connection (including immediately upon initiation), (2) where the number called was not assigned to a Humana, Inc. customer or accountholder according to Humana, Inc.'s business records, (3) and where the called party did not provide prior express consent to receive such calls, (4) at any time within four years prior to the filing of this case through the date of class certification.

37. Excluded from the Class and Subclass are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

38. Upon information and belief, the members of the Class and Subclass are so numerous that joinder of all of them is impracticable.

39. The exact number of the members of the Class and Subclass are unknown to Plaintiff at this time and can be determined only through appropriate discovery.

40. The members of the Class and Subclass are ascertainable because they are defined by reference to objective criteria that can be verified through Defendant's own business records. Upon information and belief, Defendant maintains detailed call logs, dialing-system records, and

prerecorded campaign data that identify the phone numbers contacted during its telemarketing campaigns. These records were created and maintained as part of Defendant's uniform and regular telemarketing practices, and they provide an administratively feasible and reliable mechanism for identifying all individuals who fall within the Class and Subclass definitions.

41. In addition, the members of the Class and Subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

42. Identification of Class members does not require individualized inquiries and can be completed using Defendant's objective data fields, including call disposition codes, prerecorded-message campaign identifiers, and customer-status flags.

43. Plaintiff's claims are typical of the claims of the members of the Class and Subclass.

44. As it did for all members of the Class and Subclass, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice, including calls that Plaintiff answered and during which he heard the prerecorded voice, as well as calls that resulted in prerecorded messages being left on his voicemail.

45. Plaintiff's claims, and the claims of the members of the Class and Subclass, originate from the same conduct, practice, and procedure on the part of Defendant.

46. Plaintiff's claims are based on the same theories as the claims of the members of the Class and Subclass.

47. Plaintiff suffered the same injuries as the members of the Class and Subclass. Such harms arise from Defendant's uniform dialing practices and are not dependent on individualized circumstances.

48. Plaintiff will fairly and adequately protect the interests of the members of the Class

and Subclass.

49. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class and Subclass.

50. Plaintiff will vigorously pursue the claims of the members of the Class and Subclass.

51. Plaintiff has retained counsel experienced and competent in class action litigation.

52. Plaintiff's counsel will vigorously pursue this matter.

53. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class and Subclass.

54. The questions of law and fact common to the members of the Class and Subclass predominate over questions that may affect individual members of the Class and Subclass.

55. Issues of law and fact common to all members of the Class and Subclass are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d. Defendant's use of an artificial or prerecorded voice;

   e. Whether Defendant's outbound dialing system initiates calls by automatically playing a prerecorded message at call connection; and

   f. The availability of statutory penalties.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

57. If brought and prosecuted individually, the claims of the members of the Class and Subclass would require proof of the same material and substantive facts.

58. The pursuit of separate actions by individual members of the Class and Subclass would, as a practical matter, be dispositive of the interests of other members of the Class and Subclass and could substantially impair or impede their ability to protect their interests.

59. The pursuit of separate actions by individual members of the Class and Subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

60. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class and Subclass.

61. The damages suffered by individual members of the Class and Subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class and Subclass to redress the wrongs done to them.

62. The pursuit of Plaintiff's claims, and the claims of the members of the Class and Subclass, in one forum will achieve efficiency and promote judicial economy.

63. There will be little difficulty in the management of this action as a class action.

64. Defendant has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

66. The prerecorded voices used by Defendant played automatically at call initiation, including when Plaintiff answered calls, satisfying the statutory requirement that the artificial or prerecorded voice be used to make the call, not merely upon transfer to voicemail.

67. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making calls using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Class, without consent.

68. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the Class, without consent.

69. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Class and Subclass are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the Class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the Class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone

numbers of members of the Class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the Class and Subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the Class and Subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the Class and Subclass reasonable attorneys' fees, costs, and expenses as permitted by law, including under the common-fund doctrine or fee-shifting principles if applicable;

i) Awarding Plaintiff and the members of the Class and Subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 8th day of December, 2025.

*/s/ Cassandra P. Miller*
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 North Michigan Avenue, Suite 1610
Chicago, IL 60611
cmiller@straussborrelli.com

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Putative Class*